IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LOUIS JACKSON #915652 | § | |
| VS. | § | CIVIL ACTION NO. 6:24cv016 |
| MABLE SWEAT, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Louis Jackson, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Allegations**

Plaintiff alleges that on March 3, 2023, his name was forged on a sign-in sheet for a urinalysis drug test ostensibly administered by Defendants Sweat and Osibajo. (Dkt. #1 at 3–4.) Plaintiff says he was falsely charged with failing the drug test, which he did not even take. (*Id.* at 4–5.) At a later hearing, the warden agreed with Plaintiff that the signature on the sign-in sheet looked more like Defendant Sweat's handwriting than his own. (Dkt. #1-1 at 1.) Plaintiff succeeded in having the disciplinary conviction overturned no later than September 7, 2023. (Dkt. #1 at 5; Dkt. #1-1 at 2.) But, he says, "[y]et in still forgery of my name on legal documents is a criminal act in Texas[.]" (Dkt. #1 at 5.) He seeks damages of $2,400. (*Id.* at 4.)

**II. Legal Standards and Preliminary Screening**

Because Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding as a pauper, his pleading is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus

does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* Particularly with regard to any claim that defendants have conspired to harm him, a plaintiff must plead specific, non-conclusory facts that establish that there was an agreement among the defendants to violate his federal civil rights. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004); *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (plaintiffs asserting conspiracy claims under Section 1983 must plead the operative facts on which their claim is based; bald allegations that a conspiracy existed are insufficient).

**III. Discussion and Analysis**

To the extent Plaintiff believes he is constitutionally entitled to have either or both Defendants investigated, punished, or prosecuted for any alleged crime in connection with his disciplinary charge, no such constitutional right exists. Citizens do not have any constitutional right to have another individual disciplined or prosecuted, even when the parties involved are inmates and correctional officers. *Oliver v. Jackson Corr. Ctr.*, No. 3:12-CV-2660, 2013 WL 596155, at *3 (W.D. La. Jan. 22, 2013), *report and recommendation adopted*, No. 3:12-CV-2660, 2013 WL 596153 (W.D. La. Feb. 15, 2013) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Williams v. Washington*, No. 96 C 0704, 1997 WL 201579, at *3 (N.D. Ill. Apr. 16, 1997) ("Williams had no legal right to have the correctional officers punished, or to have an investigation conducted.").

Nor does Plaintiff allege any facts that would establish a violation of his right to due process under the Fourteenth Amendment. Prisoners only have a Fourteenth Amendment right to procedural due process before the imposition of restrictions that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff here does not even describe the punishment he received as a result of the disciplinary charge. But any amendment to add that information would be futile, because Plaintiff acknowledges that his conviction was overturned in a matter of months, thereby obviating any lasting punishment. Even if Plaintiff had spent the intervening months in segregation with heightened restrictions, that would not be enough to give rise to a right to due process in the prison setting. *See Perry v. Allemand*, 687 F. App'x 352, 353 (5th Cir. 2017) (holding that restrictive confinement and additional restrictions for six months "do not impose the type of atypical and

significant hardship that would give rise to a liberty interest protected by the Due Process Clause" and dismissing appeal as frivolous).

Furthermore, the fact that the disciplinary case was later overturned does not itself show a constitutional violation through denial of due process. The Fifth Circuit has held that there is no due process violation if a prisoner is falsely accused of charges where the prisoner is given an adequate state procedural remedy to challenge the accusations. *Grant v. Thomas*, 37 F.3d 632, 1994 WL 558835 (5th Cir. September 23, 1994), citing *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984); *see also Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986) (prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest).

Plaintiff does not allege, much less show, that he did not have adequate procedural remedies to challenge the accusations. On the contrary, he was able to use the available procedural remedies to successfully overturn his disciplinary conviction. As the Fifth Circuit has explained, the Constitution does not guarantee that only the guilty will be arrested; if it did, Section 1983 would provide a cause of action for every defendant acquitted and every suspect released. *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982). Similarly, the Constitution does not provide a cause of action for every inmate whose disciplinary case is overturned on appeal. *See Romero v. Lann*, No. 5:06cv82, 2007 WL 2010748 (E.D. Tex., July 6, 2007) (citing *Smith* in noting that the fact that a disciplinary conviction was overturned did not itself show that the case had been brought with retaliatory intent).

Even if the disciplinary hearing officer erred by believing the charging officer rather than Plaintiff, this does not show a constitutional violation. The Fifth Circuit has held that in the context

of prison disciplinary proceedings, the Constitution requires due process, not error-free decision-making. *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983).

**IV. Conclusion**

For the reasons set forth above, Plaintiff's complaint fails to state a claim for which relief can be granted. Traditionally, district courts permit a *pro se* plaintiff an opportunity to amend his complaint or claim before dismissing the case. However, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would still fail. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Plaintiff's claim here is clear, and there is no plausible amendment that would render it viable. Accordingly, judicial economy dictates against inviting a futile amendment in this case.

RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's lawsuit be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 22nd day of January, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE