UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00016

**Louis Jackson,**
*Plaintiff,*

v.

**Mable Sweat et al.,**
*Defendants.*

### O R D E R

Plaintiff Louis Jackson, a prisoner of the Texas Department of Criminal Justice (TDCJ) proceeding pro se and *in forma pauperis*, filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636(b). Doc. 3.

On January 22, 2024, the magistrate judge issued a report recommending that the complaint be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2). Doc. 5. Plaintiff filed written objections. Doc. 7.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Plaintiff alleges that defendants forged his name on a sign-in sheet for a urinalysis drug test, which resulted in a false conviction at a prison disciplinary hearing. Doc. 1 at 3–4. Plaintiff filed a grievance with TDCJ and his disciplinary conviction was overturned prior to filing this lawsuit. *Id.* at 4–5.

As the magistrate judge observed, the Fifth Circuit has held that there is no due process violation when a falsely accused prisoner "is given an adequate state procedural remedy to challenge the accusations." Doc. 5 at 5; *Grant v. Thomas*, 37 F.3d 632, 1994 WL 558835 (5th Cir. Sept. 23, 1994). Plaintiff's complaint therefore fails to state a claim for due process violation.

The magistrate judge also found that plaintiff did not suffer any atypical and significant hardship as required to trigger a right to due process and that he has no constitutional right to have the defendants prosecuted or punished for any criminal acts. Doc. 5 at 4.

Plaintiff's objection to the report does not refute those findings. He confirms that his disciplinary conviction was overturned. Doc. 7 at 3. So any sentence credits that had been revoked were presumably restored. *See id.* He now asserts that this incident is a "mark on [his] rehabilitation file," but he does not allege any facts establishing any actual injury in connection with that "mark" in light of the administrative reversal of his conviction. *Id.* at 4. And for the reasons the magistrate judge explained, any short time plaintiff spent subjected to other restrictions—including his newly-alleged forty-five days of cell restriction—do not rise to the level required to state a claim for a due process violation. Doc. 5 at 4.

Plaintiff reiterates that defendants' alleged actions were criminal. But for the reasons the magistrate judge explained, that alone does not state a viable claim for relief under Section 1983. Doc. 5 at 4. Plaintiff also complains that defendants violated department codes of conduct, but violation of prison policy does not amount to a constitutional violation. *See Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989). ("A state's failure to follow its own procedural regulations does not establish a violation of due process, because 'constitutional minima may nevertheless have been met.'"). Finally, plaintiff alleges a conspiracy between the defendants, but defendants cannot be liable for conspiracy where there is no underlying violation of the plaintiff's civil rights. *See Jackson v. City of Hearne, Texas*, 959 F.3d 194, 206 (5th Cir. 2020) (holding that a defendant "cannot be held liable for participation in a conspiracy that failed to violate any of the plaintiff's rights").

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. This case is dismissed with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

*So ordered by the court on May 9, 2024.*

_____
J. CAMPBELL BARKER
United States District Judge